### In the Matter of Kenneth L. BLICKENSTAFF.

### No. 64S00–0312–DI–596.

Supreme Court of Indiana.

May 10, 2004.

## ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** In 1972, the respondent was convicted in Lafayette, Indiana of third degree burglary, a crime punishable by up to one year in jail. In 1974, the respondent pled guilty in Marksville, Louisiana to possession of dihydrocodine, methamphetamine, barbitals and marijuana. Under a deferral program, no judgment of conviction was entered on his guilty pleas. In 1986, as part of his Indiana Bar application the respondent noted, in addition to his conviction, an arrest in Louisiana for possession of marijuana, with the charge dismissed. The respondent did not mention the other possession charges.

In 1998, as part of a *Statement of Circumstances and Conditional Agreement for Discipline* tendered in a prior attorney disciplinary matter, the respondent executed an affidavit affirming the information set out in the *Conditional Agreement.* Among the statements was an assertion that he had no criminal record except for one conviction. In 2002, in a deposition in federal court in Texas, the respondent was asked if he had any prior criminal record, to which he answered "No".

The respondent served as a Lake County deputy prosecutor from 1990 to 1993 and director of the Medicaid Fraud Control Unit while an Indiana deputy attorney general from 1993 to 1996.

**Violations:** The respondent violated Ind. Professional Conduct Rule: 3.3(a)(1) by making a false statement of material fact or law to a tribunal; Prof.Cond.R. 8.1(a) by making a false statement of material fact in connection with a disciplinary matter; Prof.Cond.R. 8.1(b) by failing to disclose a fact necessary to correct a misapprehension known to have arisen in a matter; Prof.Cond.R. 8.4(b) by knowingly making materially false statements under oath, thereby committing perjury; Prof.Cond.R. 8.4(c) by engaging in conduct involving dishonesty, deceit and misrepresentation; and Prof.Cond.R. 8.4(d) by engaging in conduct prejudicial to the administration of justice.

**Discipline:** Suspension from the practice of law for a period of one (1) year without automatic reinstatement.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

The respondent is hereby suspended from the practice of law for a period of one (1) year, without automatic reinstatement, commencing June 14, 2004.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.